582 S.E.2d 816

**CLARK APARTMENTS by J.E. HOOD, Petitioner Below, Appellee,**

**v.**

**Lawrence WALASZCZYK, Respondent Below, Appellant.**

**No. 30526.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 15, 2003.

Decided April 18, 2003.

Concurring Opinion of Chief Justice Starcher July 10, 2003.

Nancy S. Brewer, Esq., Legal Aid of West Virginia, Huntington, for Appellant.

PER CURIAM.

This case is before this Court upon appeal of a final order of the Circuit Court of Cabell County entered on July 31, 2001. In that order, the circuit court denied a motion for a new trial filed by the appellant and defendant below, Lawrence Walaszczyk. This action was instituted by Clark Apartments by J.E. Woods,[1] the appellee and plaintiff below, who alleged that the appellant had damaged the apartment he leased and failed to pay his rent. The appellee sought $5,000.00 in damages plus costs. Following a bench trial, the circuit court entered judgment in favor of the appellee in the amount of $2,610.00.

In this appeal, the appellant claims that the evidence presented at trial did not support the judgment granted to the appellee. This Court has before it the petition for appeal, the entire record, and the brief and argument of appellant's counsel.[2] For the reasons set forth below, the final order is reversed, and this case is remanded to the circuit court for entry of an order containing findings of facts and conclusions of law to support the judgment.

## I.

### FACTS

In February 1998, the appellant, a student at Marshall University, began renting an apartment in Huntington, West Virginia, from the appellee under a one-year lease. In 1999, the tenancy reverted to month to month. The appellant continued to rent the apartment for the next two years.

In late January 2001, an intruder pushed open the door to the appellant's apartment and damaged the door frame molding and lock. According to the appellant, a previous repair to the door by the appellee had not been completed, and the door had not been secure since that time. On January 29, 2001, the appellant discovered that the lock on his apartment had been changed by the appellee. The appellee has said that he put a note on the appellant's door on January 24, 2001, warning the appellant to pay his rent. The appellant claims he never found the note. Shortly thereafter, the appellee instituted this action in magistrate court in Cabell County seeking $5,000.00 in damages, including unpaid rent, from the appellant.

The parties appeared in magistrate court pro se. The magistrate awarded judgment in favor of the appellee in an unspecified amount and instructed him to provide the court with invoices at his convenience. On March 15, 2001, the appellee presented invoices to the magistrate in the amount of $4,664.87. Thereafter, the magistrate entered judgment in favor of the appellee in the amount of $4,599.87 plus $65.00 for court costs. The appellant appealed the magistrate's order to the circuit court.

The circuit court held a bench trial on May 10, 2001. The court found in favor of the appellee and awarded judgment to him in the amount of $2,610.00. The appellant filed a motion for a new trial which was denied. This appeal followed.

## II.

### STANDARD OF REVIEW

We begin our analysis in this case by setting forth our standard of review for challenges to the findings and conclusions of a circuit court following a bench trial. In Syllabus Point 8 of *Bluefield Supply Co. v. Frankel's Appliances, Inc.,* 149 W.Va. 622, 142 S.E.2d 898 (1965), this Court held that, "When the finding of a trial court in a case tried by it in lieu of a jury is against the preponderance of the evidence, is not supported by the evidence, or is plainly wrong, such finding will be reversed and set aside by this Court upon appellate review." More

---

1. Mr. Woods is one of the owners of Clark Apartments.

2. The appellee did not participate in this appeal.

recently, we further defined the applicable standard of review by stating that:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syllabus Point 1, *Public Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996). With these standards in mind, we now consider whether the circuit court erred in this case.

## III.

## DISCUSSION

As noted above, the appellant claims that the judgment rendered by the circuit court in this case is not supported by the evidence. At the outset of his argument, the appellant points out that the circuit court failed to include findings of fact and conclusions of law in the order which granted judgment to the appellee. Indeed, the judgment order merely states,

> The Court, having heard and considered the evidence and testimony presented on behalf of the respective parties and the argument of counsel, found judgment in favor of the Plaintiff and against Defendant, awarded damages to Plaintiff in the amount of $2,610.00, with credit against said amount of $300.00, representing the amount of a damage deposit paid by Defendant at the inception of the lease agreement which was the subject matter of this action, and further awarded to Plaintiff its costs incurred, together with interest at the legal rate from and after the entry of this Order. The Court further determined that Defendant shall take nothing from his Counterclaim [3] and the same shall be dismissed with prejudice. The Court Report-

er's fee in the amount of $25.00, is assessed against Defendant.

(Footnote added).

■ Pursuant to Rule 52(a) of the West Virginia Rules of Civil Procedure, "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon[.]" This Court has long since held that the requirements of Rule 52(a) are mandatory. In Syllabus Point 1 of *Commonwealth Tire Co. v. Tri–State Tire Co.*, 156 W.Va. 351, 193 S.E.2d 544 (1972), this Court stated that:

> Rule 52(a) mandatorily requires the trial court, in all actions tried upon the facts without a jury, to find the facts specially and state separately its conclusions of law thereon before the entry of judgment. The failure to do so constitutes neglect of duty on the part of the trial court, and if it appears on appeal that the rule has not been complied with, the case may be remanded for compliance.

■ In this instance, the trial court clearly failed to follow the mandate of Rule 52(a). Consequently, our review of the circuit court's order is substantially hindered because we are unable to ascertain the court's reasons for granting the appellee a judgment in the amount of $2,610.00. Thus, we believe it is necessary to remand this case so that the trial court can comply with the requirements of Rule 52(a).

## IV.

## CONCLUSION

Accordingly, for the reason set forth above, the final order of the Circuit Court of Cabell County is reversed, and this case is remanded to the court with directions to make findings of fact and conclusions of law as set forth in Rule 52(a) of the West Virginia Rules of Civil Procedure.

Reversed and remanded with directions.

---

**3.** The appellant filed a counterclaim in this action alleging that he had been improperly evicted and that the appellee had retained possession of his personal property which was in the apartment at the time he was locked out.

STARCHER, C.J., concurring.

(Filed July 10, 2003)

I concur with the majority's decision to remand this case back to the circuit court for full findings. However, on remand, I believe that the circuit court should examine the evidence presented by the plaintiff-landlord to support his "damages." The circuit court should determine what damages claimed by the plaintiff are losses caused by the active misconduct of the defendant-tenant, and what losses are simply "wear and tear" that is expected in the rental of any apartment.

The record presented to this Court includes the plaintiff's claim that the defendant should pay for the cost of replacing the apartment refrigerator—a refrigerator that was 30 to 40 years old—and pay to replace the worn carpet. Also, the plaintiff stated that he normally paid his maintenance man $10.00 an hour for normal work, yet he presented an invoice that the defendant should pay $28.50 per hour for 67 hours of labor—$1,909.00—to repaint the apartment. Lastly, the plaintiff claimed, in magistrate court, that he bought $750.00 in supplies from a hardware store for the apartment; in the circuit court, he claimed only $341.00 in supplies were used in the apartment. Whatever the amount, there is no evidence these supplies were actually used in the apartment. I saw nothing in the record to indicate that any of these expenses—which are exceptionally high—are damages that a reasonable, prudent apartment dweller should be required to pay upon termination of a lease. It appears as if the plaintiff remodeled the apartment, and now wants the defendant to pay those remodeling costs.

Accordingly, on remand, the circuit court should take care to not impose on the defendant remodeling costs for normal wear and tear to the apartment.