**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Lisa Reilley-Koontz,**
**Respondent Below, Petitioner**

**v.) No. 24-156** (Marshall County CC-25-2010-C-180)

**The Board of Education of the County of Marshall,**
**a statutory and public corporation,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

The petitioner herein and respondent below, Lisa Reilley-Koontz, appeals from an order entered on January 22, 2024, by the Circuit Court of Marshall County following this Court's remand in *Reilley v. Board of Education of County of Marshall*, 246 W. Va. 531, 874 S.E.2d 333 (2022) ("*Reilley I*"). By its order, the circuit court granted injunctive relief to the respondent herein and petitioner below, Marshall County Board of Education ("the Board"), and directed Ms. Reilley-Koontz to remove the obstructions to Little Grave Creek associated with the bridge and roadway constructed on her property.[1] On appeal, Ms. Reilley-Koontz challenges the circuit court's order because she claims that the bridge and roadway are necessary to provide access to her property. Upon a review of the parties' briefs and the appendix record, we conclude that the circuit court did not err in granting the Board's request for injunctive relief and that disposition by memorandum decision affirming the circuit court's order is appropriate.[2] *See* W. Va. R. App. P. 21.

The parties own adjacent parcels of real property in Marshall County, West Virginia. Ms. Reilley-Koontz's residence is located on her parcel, and John Marshall High School and its athletic facilities, including its baseball field, are situated on the Board's parcel. In 1985, Ms. Reilley-Koontz's father's family—the then-owners of her parcel—built an embankment, a bridge, and an elevated roadway ("Duck Lane") across Little Grave Creek ("the Creek") to access their

---

[1] Ms. Reilley-Koontz is represented by counsel Jeffrey A. Holmstrand, and the Board is represented by counsel Kenneth E. Webb Jr. and William M. Lorensen.

[2] Since the events giving rise to this appeal, the Legislature has amended the statute under which only this Court had jurisdiction over appeals of injunction orders. *Compare* W. Va. Code § 51-11-4(d)(10) (eff. Jan. 13, 2022), *with* W. Va. Code § 51-11-4(d)(10) (eff. June 6, 2024).

1

parcel;[3] the Creek serves as the border between the parties' properties. Over time, these constructions impeded the flow of the Creek's water and caused flooding on the Board's parcel, resulting in damage to John Marshall's baseball field in September 2004, February 2008, June 2009, and June 2010. In September 2010, the Board filed the underlying litigation against Ms. Reilley-Koontz's father, the then-owner of her parcel, asserting claims for continuing trespass, interference with riparian rights, nuisance at law, and private nuisance and requesting as injunctive relief the removal of Duck Lane to abate the alleged nuisance.[4] The matter proceeded to a jury trial, and the jury found in the Board's favor as to all four flood events. Thereafter, the circuit court granted the Board's motion requesting an injunction to require the removal of the embankment and the bridge in order to prevent future flooding of the Board's property.

Ms. Reilley-Koontz's predecessor in interest appealed to this Court, and, by opinion filed April 26, 2022, this Court affirmed the circuit court's rulings finding good cause to support an extension of the time for service of process of the underlying complaint and sufficient evidence of proximate cause presented at trial. *See generally Reilley I*, 246 W. Va. 531, 874 S.E.2d 333. We reversed the circuit court's rulings regarding the statute of limitations and determined that the Board's causes of action related to the first two flood events—in 2004 and 2008—were barred by the applicable two-year statute of limitations and remanded for a recalculation of the Board's damages award. *See generally id.* We further reversed the circuit court's injunction order because it did not contain the requisite findings of fact and conclusions of law contemplated by Rule 52 of the West Virginia Rules of Civil Procedure and remanded the case for the entry of a new order conforming with the rule's requirements. *See generally Reilley I*, 246 W. Va. 531, 874 S.E.2d 333. *See also* W. Va. R. Civ. P. 52 (relating to bench trials).

On remand, the circuit court entered a new order on January 22, 2024, entitled "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's [the Board's] Motion for Injunctive Relief." This order provided more thorough findings of fact and conclusions of law to support the court's decision to grant the Board injunctive relief than the court's earlier order that we deemed insufficient. Ultimately, the court again granted the Board injunctive relief, ordering that Ms. Reilley-Koontz "shall remove the bridge, roadway embankment and concrete construction debris placed immediately downstream of the bridge that obstruct the Little Grave Creek stream channel, drainageway and floodway." From the circuit court's January 22, 2024, injunction order, Ms. Reilley-Koontz now appeals to this Court.

---

[3] It appears that the Reilley family requested and obtained permission from the West Virginia Public Land Corporation to construct the subject bridge.

[4] Following the initial filing of the Board's lawsuit, Ms. Reilley-Koontz's father died, causing her mother to be substituted as the interested party. Ms. Reilley-Koontz's mother has also died, and now Ms. Reilley-Koontz has been substituted as the party in interest because her mother devised the subject parcel to her.

2

Generally, a court has broad discretion to grant injunctive relief. *See* Syl. Pt. 11, *Stuart v. Lake Washington Realty Corp.*, 141 W. Va. 627, 92 S.E.2d 891 (1956), *modified on other grounds by*, *Cobb v. Daugherty*, 225 W. Va. 435, 693 S.E.2d 800 (2010). However,

> [i]n reviewing objections to the findings of fact and conclusions of law supporting the granting or the denial of a temporary or preliminary injunction, we will apply a three-pronged deferential standard of review. We review the final order granting or denying the temporary injunction and the ultimate disposition under an abuse of discretion standard, we review the circuit court's underlying factual findings under a clearly erroneous standard, and we review questions of law de novo.

Syl. Pt. 1, *Bansbach v. Harbin*, 229 W. Va. 287, 728 S.E.2d 533 (2012).

In *Reilley I*, we reviewed the circuit court's order granting the Board injunctive relief following the jury's verdict for the Board and discussed the authorities governing the contents of an injunction order. Rule 65 of the West Virginia Rules of Civil Procedure directs that

> [e]very order granting an injunction . . . shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

*Id.* Moreover,

> "[a]fter an evidentiary hearing on a complaint for a permanent injunction, a trial court is required to make a finding of fact and conclusion of law under Rule 52 of the West Virginia Rules of Civil Procedure . . . in order to assist appellate courts in determining whether there is a legitimate area for state regulation by injunction." Syl. pt. 4, [in part,] *United Maintenance and Manufacturing Co. v. United Steelworkers of America*, 157 W. Va. 788, 204 S.E.2d 76 (1974).

Syl. Pt. 2, in part, *West v. Nat'l Mines Corp.*, 175 W. Va. 543, 336 S.E.2d 190 (1985). More specifically,

> "Rule 52(a) mandatorily requires the trial court, in all actions tried upon the facts without a jury, to find the facts specially and state separately its conclusions of law thereon before the entry of judgment. The failure to do so constitutes neglect of duty on the part of the trial court, and if it appears on appeal that the rule has not been complied with, the case may be remanded for compliance." Syllabus Point 1, *Commonwealth Tire Co. v. Tri-State Tire Co.*, 156 W. Va. 351, 193 S.E.2d 544 (1972).

3

Syl. Pt. 1, *Clark Apartments ex rel. Hood v. Walaszczyk*, 213 W. Va. 369, 582 S.E.2d 816 (2003).

On remand, the circuit court entered its January 22, 2024, injunction order setting forth detailed findings of fact and conclusions of law. The circuit court recounted the evidence presented during the underlying jury trial describing the changes to the Creek's flow following the construction of the bridge, roadway, and embankment on Ms. Reilley-Koontz's parcel and how these changes led to the flooding and resultant damages that formed the basis of the Board's causes of action and claims for injunctive relief. The court then summarized these findings by stating that "this Court finds as a matter of fact that the Reilley bridge, roadway embankment and related sedimentation cause water to impound upon [the Board's] property during heavy flows of Little Grave Creek." We find that the circuit court followed our mandate in *Reilley I* and did not clearly err in making these findings of fact.

The circuit court also rendered extensive conclusions of law regarding riparian rights to determine that the Board is entitled to enjoy the natural flow of water across its property because "[t]he owner of land through which a natural watercourse passes has a right of property in such land to have the water of the stream pass to and from his land in its natural flow." Syl. Pt. 2, *McCausland v. Jarrell*, 136 W. Va. 569, 68 S.E.2d 729 (1951). The court further ruled that Ms. Reilley-Koontz may not impede that natural flow insofar as "[o]ne can not negligently obstruct or divert water of a natural course to the injury of another without liability." Syl. Pt. 1, *Atkinson v. Chesapeake & Ohio Ry. Co.*, 74 W. Va. 633, 82 S.E. 502 (1914). Rather,

> [e]quity has jurisdiction to vindicate the right of a landowner to the natural flow of the water of a natural watercourse to and from his land by restraining the obstruction of the natural flow of the water or its inadequate diversion from its natural course and by requiring the removal of such obstruction or the cause of such diversion.

*McCausland*, 136 W. Va. at 569, 68 S.E.2d at 731, Syl. Pt. 4. Based upon these authorities, the circuit court

> conclude[d] as a matter of law that the Plaintiff [the Board] is entitled to a mandatory injunction requiring the Defendant [Ms. Reilley-Koontz] to remove all obstructions placed in the stream channel of Little Grave Creek, the drainageway and floodway including the bridge, roadway embankment and concrete construction debris placed immediately downstream of the bridge.

Upon our review of the pertinent facts and governing law, we find no error in the court's legal analysis and find that it properly determined that the Board is entitled to injunctive relief to remove the impediments that have changed the Creek's natural flow to the Board's detriment.

Accordingly, we find no error in the circuit court's order granting injunctive relief to the Board, and we affirm the January 22, 2024, order entered by the Circuit Court of Marshall County.

4

Affirmed.

**ISSUED:** June 1, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

5