**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Michael Shawn Steffen,**
**Petitioner Below, Petitioner**

**v.)  No. 24-282** (Cabell County CC-06-2023-C-409)

**Scott Caserta,**
**as Clerk of the County Commission of Cabell County,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

The petitioner herein and petitioner below, Michael Shawn Steffen, appeals from an order entered on April 15, 2024, by the Circuit Court of Cabell County. By its order, the circuit court granted Mr. Steffen's request for mandamus relief and directed the respondent herein and respondent below, Scott Caserta, Clerk of the County Commission of Cabell County, to accept the will of Mr. Steffen's brother for probate. In the order, the court denied Mr. Steffen's request for attorney's fees.[1] On appeal, Mr. Steffen requests this Court to grant him relief from that portion of the circuit court's order that denied his request for attorney's fees and remand the case with instructions to consider his attorney's fee request in accordance with this Court's precedent. Upon a review of the parties' briefs and the appendix record, we conclude that the circuit court, after awarding Mr. Steffen mandamus relief, did not consider Mr. Steffen's request for attorney's fees as instructed by our prior opinions. Therefore, we vacate that portion of the circuit court's order denying Mr. Steffen's request for attorney's fees and remand this case for further proceedings to permit the circuit court to consider whether Mr. Steffen is entitled to an award of attorney's fees in accordance with this Court's holdings in *State of West Virginia ex rel. West Virginia Highlands Conservancy, Inc. v. West Virginia Division of Environmental Protection*, 193 W. Va. 650, 458 S.E.2d 88 (1995).[2] We further conclude that disposition of this matter by memorandum decision is appropriate. *See* W. Va. R. App. P. 21.

---

[1] Mr. Steffen is represented by counsel Paul A. Ryker, and Mr. Caserta is represented by counsel D. Scott Bellomy.

[2] The petitioner appeals only the circuit court's ruling as to the denial of attorney's fees. Furthermore, the respondent has not filed any cross-assignments of error. Therefore, we do not disturb any other rulings of the circuit court's April 15, 2024, order.

Mr. Steffen's brother, Daniel Barry Steffen, prepared a will in 2016 while he was living in Texas. Daniel's will directed that, upon his death, his property would pass to the Trustee of the Daniel Barry Steffen Living Trust, or, if that trust was no longer in existence at the time of his death, to his Executor as Trustee of the Daniel Barry Steffen Testamentary Trust. The will also named Mr. Steffen as Executor and listed successive executors in the event Mr. Steffen was not able to serve as Executor. In 2022, Daniel passed away while he was incarcerated in Texas.

Following Daniel's death, Mr. Steffen averred that, other than the minimal personal effects that Daniel had with him during his incarceration, the only property that Daniel owned was a parcel of real property located in Cabell County, West Virginia. Accordingly, Mr. Steffen presented Daniel's will to Mr. Caserta for admission to probate in accordance with West Virginia Code § 41-5-4.[3] Mr. Caserta rejected Daniel's will for probate citing West Virginia Code § 41-5-13.[4]

---

[3] West Virginia Code § 41-5-4 provides guidance as to where a will may be probated:

The county court shall have jurisdiction of the probate of wills according to the following rules:
(a) In the county wherein the testator, at the time of his death, had a mansion house or known place of residence; or
(b) If he had no such house or place of residence, then in the county wherein any real estate devised thereby is situated; or
(c) If there be no real estate devised thereby, and the testator had no such house or place of residence, then in the county wherein he died, or in any county wherein he had any property at the time of his death; or
(d) If he died out of this State, his will or an authenticated copy thereof, may be admitted to probate in any county in this State, wherein there is property devised or bequeathed thereby.

[4] Ancillary probate proceedings are governed by West Virginia Code § 41-5-13, which provides, in pertinent part:

(a) Where a will relative to any personalty or real estate located or situate within this state has been proved or probated outside of this state by another state or jurisdiction within the United States of America, an authenticated copy thereof and the certificate of probate thereof, by such other state or jurisdiction may be offered for probate in this state, in accordance with the provisions of § 41-5-5 or § 41-5-10 of this code, and an ancillary personal representative, executor, or administrator, as the case may be, may be appointed in this state with like effect and with the same powers, authorities, duties, and liabilities as are given to domiciliary personal representatives, executors, and administrators under the provisions of this code.
(b) Where a will, relative only to real estate situate within this state, has been proved or probated outside of this state by another state or jurisdiction within the United States of America and no appointment of an ancillary personal representative, executor, or administrator to administer the real estate within this

2

After making additional, unsuccessful attempts to probate Daniel's will in Cabell County, Mr. Steffen obtained counsel who wrote Mr. Caserta a letter detailing the unique circumstances of this case. Mr. Caserta again refused to accept Daniel's will for probate stating that Mr. Steffen must first probate Daniel's will in Texas because that was Daniel's residence at the time of his death and he had prepared his will in accordance with and expected it to be governed by Texas law. Mr. Caserta further indicated that, after the commencement of probate proceedings in Texas, Mr. Steffen could then file an ancillary proceeding in Cabell County as contemplated by West Virginia Code § 41-5-13. Mr. Steffen, by counsel, then filed the underlying mandamus proceeding in the Circuit Court of Cabell County seeking to compel Mr. Caserta to admit Daniel's will to probate in Cabell County pursuant to West Virginia Code § 41-5-4 insofar as the only property in Daniel's estate was the parcel of real property situate in Cabell County, West Virginia.

Following a hearing, the circuit court entered its "Order Awarding Writ of Mandamus" on April 15, 2024, "direct[ing] the County Clerk [Mr. Caserta] to accept for probate the Texas will in this case." The order further summarily denied Mr. Steffen's request for an award of attorney's fees. From this order, Mr. Steffen now appeals to this Court.

The sole issue on appeal is whether the circuit court erred by denying Mr. Steffen's request for an award of attorney's fees. "The decision to award or not to award attorney's fees rests in the sound discretion of the circuit court, and the exercise of that discretion will not be disturbed on appeal except in cases of abuse." *Beto v. Stewart*, 213 W. Va. 355, 359, 582 S.E.2d 802, 806 (2003).

Although the circuit court had discretion as to whether to award Mr. Steffen attorney's fees once it had granted him mandamus relief, the court nevertheless failed to include any findings of fact or conclusions of law in support of its summary denial of Mr. Steffen's attorney's fee request. *See generally* Syl. Pt. 5, *Reilley v. Bd. of Educ. of Cnty. of Marshall*, 246 W. Va. 531, 874 S.E.2d 333 (2022) ("'"Rule 52(a) mandatorily requires the trial court, in all actions tried upon the facts without a jury, to find the facts specially and state separately its conclusions of law thereon before the entry of judgment. The failure to do so constitutes neglect of duty on the part of the trial court, and if it appears on appeal that the rule has not been complied with, the case may be remanded for compliance." Syllabus Point 1, *Commonwealth Tire Co. v. Tri-State Tire Co.*, 156 W. Va. 351, 193 S.E.2d 544 (1972).' Syllabus, *Clark Apartments ex rel. Hood v. Walaszczyk*, 213 W. Va. 369, 582 S.E.2d 816 (2003)."). Absent any explanation for the circuit court's ruling, we are unable to ascertain whether the court considered Mr. Steffen's request for attorney's fees in accordance with this Court's holdings in *Highlands*. *See generally Highlands*, 193 W. Va. at 651-52, 458 S.E.2d at

state is necessary for any proper purpose, an authenticated copy thereof and the certificate of probate thereof may be admitted to record in any county of this state in which the real estate is situate by any person having an interest in the real estate, including a personal representative who has qualified in the other state or jurisdiction. . . .

89-90, Syl. Pts. 1-5.[5] Apart from a successful mandamus litigant's right to request attorney's fees generally, we have detailed in what contexts a court may award attorney's fees to a successful mandamus petitioner:

> Attorney's fees may be awarded to a prevailing petitioner in a mandamus action in two general contexts: (1) where a public official has deliberately and knowingly refused to exercise a clear legal duty, and (2) where a public official has failed to exercise a clear legal duty, although the failure was not the result of a decision to knowingly disregard a legal command.

*Highlands*, 193 W. Va. at 651, 458 S.E.2d at 89, Syl. Pt. 2. We have further articulated the criteria a circuit court should consider in each of these contexts. In the first context, "[w]here a public official has deliberately and knowingly refused to exercise a clear legal duty, a presumption exists in favor of an award of attorney's fees; unless extraordinary circumstances indicate an award would be inappropriate, attorney's fees will be allowed." *Id.* at 651, 458 S.E.2d at 89, Syl. Pt. 3. *Accord* Syl. Pt. 4, *Nelson v. W. Va. Pub. Emps. Ins. Bd.*, 171 W. Va. 445, 300 S.E.2d 86 (1982) ("In mandamus proceedings where a public officer willfully fails to obey the law, attorney fees will be awarded."). *Cf. id.* at 446, 300 S.E.2d at 87, Syl. Pt. 3 ("It is settled that in mandamus proceedings where a public officer willfully fails to obey the law, costs will be awarded."). By contrast, in the second context, a court must apply different criteria to determine whether to award attorney's fees to a prevailing mandamus petitioner:

> Where a public official has failed to exercise a clear legal duty, although the failure was not the result of a decision to knowingly disregard a legal command, there is no presumption in favor of an award of attorney's fees. Rather, the court will weigh the following factors to determine whether it would be fairer to leave the costs of litigation with the private litigant or impose them on the taxpayers: (a) the relative clarity by which the legal duty was established; (b) whether the ruling promoted the general public interest or merely protected the private interest of the petitioner or a small group of individuals; and (c) whether the petitioner has adequate financial resources such that petitioner can afford to protect his or her own interests in court and as between the government and petitioner.

*Highlands*, 193 W. Va. at 651, 458 S.E.2d at 89, Syl. Pt. 4. Finally, we have further held that

> [a]pportionment of attorney's fees is appropriate where some of the claims and efforts of the claimant were unsuccessful. Where part of the attorney's fees sought was expended on discrete efforts that achieved no appreciable advantage in

---

[5] Syllabus Point 1 of *Highlands* recognizes that "[c]osts and attorney's fees may be awarded in mandamus proceedings involving public officials because citizens should not have to resort to lawsuits to force government officials to perform their legally prescribed nondiscretionary duties." *Id.*, 193 W. Va. at 651, 458 S.E.2d at 89, Syl. Pt. 1.

4

the litigation, or where the claim for attorney's fees rests partly on a result to which the claimant made no significant contribution, a court may consider these circumstances and apportion the attorney's fees accordingly.

*Id.* at 651-52, 458 S.E.2d at 89-90, Syl. Pt. 5.

The scant record in this case provides no indication that the circuit court considered any of these *Highland* factors in summarily denying Mr. Steffen's request for attorney's fees. Without this glimpse into the rationale supporting the circuit court's decision, we are unable to determine, on appellate review, whether the circuit court abused its discretion in denying Mr. Steffen's attorney's fees request. *See, e.g.*, *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996) ("The order [on appeal] must be sufficient to indicate the factual and legal basis for the [court's] ultimate conclusion so as to facilitate a meaningful review of the issues presented. Where the lower tribunals fail to meet this standard—*i.e.* making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development." (footnote omitted)).

Accordingly, we vacate that portion of the Circuit Court of Cabell County's April 15, 2024, order denying Mr. Steffen's request for attorney's fees and remand for further proceedings to permit the circuit court to consider his attorney's fees request in accordance with this Court's holdings in *State of West Virginia ex rel. West Virginia Highlands Conservancy, Inc. v. West Virginia Division of Environmental Protection*, 193 W. Va. 650, 458 S.E.2d 88 (1995).

Vacated, in part, and Remanded.

**ISSUED:** June 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan

5